## BUTTERWORTH v. RATCLIFF.

Petition in debt. The *date* of the note was indistinct; it being uncertain whether the date was "2" or "4." The circuit court, upon inspection of the note, decided it was "4," as set forth in the petition. Held: That whether the date was "2," or "4," was a matter of inspection, and the circuit court having satisfied itself upon that point, the supreme court would not undertake to pronounce the decision erroneous, particularly as only a *fac simile* of the note was preserved in the bill of exceptions.

Appeal from the Circuit Court of Marion county.

WRIGHT for Appellant.

*Opinion of the Court, delivered by Napton, Judge.*

AUG. TERM, 1842.

Butterworth
v.
Ratcliff.

Petition in debt. The *date* of the note was indistinct, it being uncertain whether the date was "2" or "4." The circuit court, upon inspection of the note, decided it was "4," as set forth in the petition. Held: that whether the date was "2" or "4," was a matter of inspection; and the circuit court having satisfied itself upon that point, the supreme court would not undertake to pronounce the decision erroneous—particularly as only

This was an action by petition in debt. The note is set forth in the petition, and the date is "March 2nd. 1840." The note given in evidence, it appears from the bill of exceptions, was dated "March 4th;" but the hand writing being somewhat indistinct, the court, upon inspection, refused to exclude it for variance, and found a verdict for the plaintiff.

The defendant, before the objection to the note was disposed of, offered to show by testimony, that the true date of the note was "March 4th." It appears from the bill of exceptions taken in this case, that the date of the note was not very clearly written; and it became a question whether the figure 4 or 2 was really designed by the penman. The court, however, upon inspection, was satisfied, and refused to hear evidence upon the matter. *A fac simile* of the note is preserved in the bill of exceptions.

Whether the figure used was a 2 or a 4, was a matter of inspection; and the circuit court having satisfied itself, it is difficult to see how this court can pronounce that opinion erroneous. The circuit judge had the original before him, and this court has not the same means of arriving at a correct conclusion. The judgment of that court will be affirmed.

a *fac simile* of the note was preserved in the bill of exceptions.